UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER F. NESBITT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF METHUEN, METHUEN POLICE DEPARTMENT, RONALD PARRINO, FRANK KORN AND MICHAEL PAPALARDO,<br><br>Defendants. | No. 17-cv-11255-DJC |

**MEMORANDUM AND ORDER**

CASPER, J.                                                                                                                  June 26, 2018

**I. Introduction**

Plaintiff Christopher Nesbitt ("Nesbitt") brings claims against the City of Methuen, the Methuen Police Department, Ronald Parrino ("Parrino"), Frank Korn ("Korn") and Michael Papalardo ("Papalardo") arising out of the towing of his vehicle after an accident and the subsequent purportedly unlawful retention and possible sale of the vehicle by the towing company, Valley Towing Inc. D. 1. Defendant Ronald Parrino moves to dismiss the complaint against him, D. 21, and Defendants Frank Korn, Michael Papalardo, and the City of Methuen move for judgment on the pleadings in their favor, D. 27. Nesbitt filed an amended complaint, D. 31. For the reasons explained below, the Court ALLOWS the motion to dismiss, D. 21, ALLOWS the

motion for judgment on the pleadings, D. 27, and STRIKES the amended complaint filed by Nesbitt, D. 31.

## II. Standard of Review

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir.1999)). Similarly, in evaluating a motion for judgment on the pleadings under Rule 12(c), the Court must "view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (quoting R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)). "[A] court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres v. Univ. Of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006). In reviewing a motion under either rule, the Court may consider "documents the authenticity of which are not disputed by the parties[,] documents central to plaintiffs' claim[] [and] documents sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (citation omitted).

## III. Factual Background

Unless otherwise noted, these facts are as alleged by Nesbitt and are assumed true for the purposes of considering both of the motions. On December 17, 2016, Nesbitt was in a car accident in Methuen, Massachusetts, and his car was ordered towed by the Methuen Police. D. 1 ¶ 16. Valley Towing, Inc., towed the car. D. 1 ¶ 16. Valley Towing Inc. and Nesbitt had a series of conversations about the vehicle regarding the insurance appraisal of the vehicle and payment for the storage costs of the vehicle. D. 1 ¶¶ 17-21. On February 10, 2017, a representative from Nesbitt's insurer conducted an appraisal. D. 1 ¶ 21. On May 18, 2017, Nesbitt was informed by

the owner of Valley Towing, Parrino, that Valley Towing had sold the car to another company, Fram's Auto, to be junked. D. 1. ¶¶ 23, 24. Nesbitt contacted Fram's Auto and the owner stated to Nesbitt that the vehicle had been destroyed, but that he was unable to provide Nesbitt with any documentation. D. 1 ¶ 25. Nesbitt then contacted the Methuen Police Department to request that they investigate the destruction of his vehicle as a crime, but two Methuen Police Department officers, Korn and Papalardo, informed him that they would not do so. D. 1 ¶¶ 26, 27. On June 23, 2017, Nesbitt learned that Valley Towing had held an auction for the car on June 21, 2017. D. 1 ¶ 32. Nesbitt's insurer subsequently paid Valley Towing for the towing and storage bill. D. 1 ¶ 34. Nesbitt brings claims against all the Defendants under 42 U.S.C. § 1983.

### IV. Procedural History

Nesbitt filed this complaint on July 10, 2017. D. 1. Parrino has moved to dismiss, D. 21, Korn and Papalardo moved for judgment on the pleadings, D. 27, and the Court heard argument on the two motions. D. 32. On the day of motion hearing, Nesbitt filed an amended complaint with the Court. D. 31. The Court took the motions under advisement. D. 32.

### V. Discussion

#### A. **Parrino's Motion to Dismiss**

To state a claim for relief under Section 1983, Nesbitt must allege that Parrino engaged in conduct "under color of state law" and that such conduct "worked a denial of rights secured by the Constitution or by federal law." Freeman v. Town of Hudson, 714 F.3d 29, 37 (1st Cir. 2013) (quoting Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997)). There are three ways a private entity or person, like Parrino, may be deemed to act under the color of state law: first, if the private entity "assumes a traditional public function when performing the challenged conduct;" second, "if the challenged conduct is coerced or significantly encouraged by the state;" or third, if the state could

3

be deemed a "joint participant" in the challenged conduct. Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011) (citation omitted).

To determine whether Parrino acted under color of state law, then, it is necessary to first identify the challenged conduct. The complaint alleges that Parrino is a member of the City of Methuen Licensing Board, which is responsible for overseeing automobile dealer licenses, and the owner of Valley Towing, Inc. D. 1 ¶¶ 10, 24, 61. The complaint, however, does not identify any conduct taken by Parrino in his capacity as a member of the City of Methuen Licensing Board that Nesbitt contends violated Nesbitt's rights. The complaint does generally allege that Parrino "participated personally in the unlawful conduct challenged herein," and that he "failed to take the necessary steps to prevent the acts that resulted in the unlawful conduct." D. 1 ¶ 10. The only specific conduct by Parrino, however, alleged in the complaint is Parrino's informing Nesbitt that the car had been sold for junking. D. 1 ¶ 24. That conduct does not meet any of the three tests for a private party acting under color of state law. Parrino's informing Nesbitt that the car had been sold for junking is not an act that is traditionally a public function, as a public function has "been interpreted narrowly" to include only functions such as "holding elections, exercising eminent domain, and operating company-owned municipalities," Strahan v. AT&T Mobility LLC, 270 F. Supp. 3d 535, 541 (D. Mass. 2017); Parrino was not encouraged or coerced into undertaking the act by any state actor; and there is no alleged state involvement in the act as a joint participant. Thus, Nesbitt has failed to plead facts sufficient to state a claim for relief under Section 1983.

At the motion hearing, Nesbitt contended that Parrino acted in his capacity as a member of the City of Methuen Licensing Board improperly to award licenses to businesses that unlawfully seize cars from their rightful owners. D. 32. The currently operative complaint, however, contains no allegations regarding that contention. Thus, Parrino's motion to dismiss, D. 21, is ALLOWED.

B.  **Motion for Judgment on the Pleadings by the City of Methuen, Korn and Papalardo**

The City of Methuen, Korn and Papalardo move for judgment on the pleadings.[1] They contend that Nesbitt has no federally protected right to an investigation of his criminal complaint, and thus that the claims against Korn and Papalardo must be dismissed. D. 28 at 5. They further contend that Korn and Papalardo are entitled to qualified immunity with respect to Nesbitt's claims. D. 28 at 7.

A public official is entitled to "qualified immunity from personal liability arising out of actions taken in the exercise of discretionary functions" if either the facts alleged by the plaintiff do not "make out a violation of a constitutional right" or the constitutional right was not "clearly established" at the time of the defendant's alleged violation. Glik v. Cunniffe, 655 F.3d 78, 81 (1st Cir. 2011) (citation omitted). Nesbitt contends that Papalardo and Korn improperly used their discretion by failing to investigate his claims regarding the vehicle, thereby violating Nesbitt's rights under the Due Process Clause. D. 1 at 27-29 and 88. The failure by the state to investigate a crime, however, does not generally constitute a violation of the Due Process Clause. Irish v. Maine, 849 F.3d 521, 525 (1st Cir. 2017) (holding that "[a]s a general matter a State's failure to protect an individual against private violence simply does not constitute a violation of the due process clause" (citation omitted)). There is a possible exception that "when the state creates the danger to an individual, an affirmative duty to protect might arise." Irish, 849 F.3d at 525 (citation

---

[1] These Defendants also contend that the City of Methuen Police Department is not a proper party defendant, because it is merely a department of the City of Methuen rather than a separate legal entity. D. 28 at 1 n. 1. See Henschel v. Worcester Police Dep't, 445 F.2d 624, 624 (1st Cir. 1971) (explaining that "the Police Department [is not] a suable entity"). The Court thus construes the Section 1983 claims against the City of Methuen Police Department as claims against the City of Methuen and dismisses the City of Methuen Police Department as a defendant. See Winfield v. Perocchi, No. 14-cv-12219-IT, 2015 WL 4482940, at *3 (D. Mass. July 22, 2015).

omitted). To state a claim under that exception, a plaintiff must plead that the state actions were "so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience." Id. at 526 (quoting Rivera v. Rhode Island, 402 F.3d 27, 34-35). Nesbitt, however, does not plead any facts that would plausibly give rise to a claim that the state created the purportedly unlawful conduct by Valley Towing or Fram's Auto, or that such conduct is so outrageous that it shocks the conscience. See, e.g., Rivera, 402 F.3d at 38 (finding that police failure to protect a fifteen year old witness, resulting in her being shot to death, did not shock the conscience). This exception is therefore inapplicable, so the facts alleged by Nesbitt fail to make out the violation of a constitutional right, and Korn and Papalardo are entitled to qualified immunity.[2]

The City of Methuen also contends that the complaint does not state a claim against it, because the complaint does not allege the existence of any policy or custom of the City that violated Nesbitt's constitutional rights. A complaint states a claim under Section 1983 against a local government where the complaint alleges that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section] 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "[A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents." Id.

---

[2] To the extent that Nesbitt contends that Korn and Papalardo violated his constitutional rights by failing to undertake the ministerial task of reporting the vehicle as stolen to the Massachusetts Registry of Motor Vehicles, D. 1 ¶ 84, Korn and Papalardo may not be entitled to qualified immunity with respect to that claim. See Davis v. Scherer, 468 U.S. 183, 196 n.14 (1984) (discussing the ministerial duty exception to qualified immunity). However, as explained above, the facts alleged in the complaint do not make out the violation of a constitutional right, and therefore the claim fails, regardless of whether qualified immunity applies. Thus, even if a portion of Korn and Papalardo's actions are not covered by qualified immunity, no portion of the claim survives.

The complaint alleges that the City of Methuen has "a custom, policy, or practice of not reporting violations of the Laws and Rules for Auto Dealer Licenses, to the Board and the Registrar" and that the Methuen Police Department has a "custom, policy, or practice" of failing "to investigate criminal complaints against contracted towing companies" and failing "to train and/or supervise its employees in . . . the proper application of investigative and prosecutorial standards" regarding involuntary tows. D. 1 ¶ 87-88. Beyond this conclusory allegation, however, the complaint does not identify any specific policy or custom; does not identify any particular decisionmakers who established said policy or custom; and does not allege that said policy or custom was applied in any circumstances beyond his own. Thus, the complaint fails to state a claim under Monell. See Williams v. Biscegli, 115 F. Supp. 3d 184, 189 (D. Mass. 2015) (holding that similar conclusory allegations failed to state a claim under Monell). Miller v. City of Boston, 586 F. Supp. 2d 5, 8 (D. Mass. 2008) (noting that "[a] 'single incident of unconstitutional activity' is generally not enough unless there is proof that the 'policy can be attributed to a municipal policymaker'") (internal citation omitted). Thus, Nesbitt has failed to state a claim for relief under Section 1983 against the City of Methuen.

C. **Nesbitt's Amended Complaint**

Nesbitt filed an amended complaint on December 12, 2017, which adds both Defendants and claims. D. 31. Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may file an amended complaint as a matter of course within 21 days after a responsive pleading was filed. Fed. R. Civ. P. Rule 15(a)(1). The Defendants filed their answer to Nesbitt's original complaint on August 1, 2017. D. 15. Thus, Nesbitt may not file an amended complaint as a matter of course and must seek leave of the Court to file an amended complaint, Fed. R. Civ. P. Rule 15(a)(2), and did not do so prior to filing the amended complaint. Accordingly, the amended pleading is struck. See Seguin v. Chafee, No. 12-cv-708-JD, 2012 WL 6553621 at *3 (D.R.I. Dec. 14, 2012) (*sua*

*sponte* striking a *pro se* second amended complaint for having been filed without obtaining leave of the court when such leave was required).

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Parrino's motion to dismiss, D. 21, ALLOWS Korn and Papalardo's motion for judgment on the pleadings, D. 27, and STRIKES the amended complaint, D. 31.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge